UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO CHAVEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | Case No. 22-cv-06381-VC<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 34 |

        The motion for summary judgment is granted. This order assumes the reader's familiarity with the facts of the case, the relevant law, and the parties' arguments.

        The following facts are undisputed. First, Chavez's insurance policy contained a two-year suit limitation, which is enforceable under California law. *See Prudential-LMI Commercial Insurance v. Superior Court*, 51 Cal.3d 674, 683 (1990). Second, on July 1, 2020, Travelers sent Chavez a letter with an estimate for the replacement cost value of the damage to his property. That same day, Travelers paid Chavez based on this estimate. Third, Chavez never contacted Travelers in the time between receiving the estimate on July 1, 2020, and the filing of this lawsuit on October 21, 2022.[1] Last, more than two years passed between when the property damage occurred and when Chavez sued Travelers.

        Chavez insists the limitations clock was equitably tolled from the time he notified Travelers of the damage on June 26, 2020, because Travelers never provided unequivocal written

---

[1] Chavez attempted to send several emails to Travelers after July 1, with the final email being sent on August 11, 2020. But all the emails were addressed incorrectly so Travelers never received them.

notice that no further benefits would be paid. *See Lake v. First National Insurance Co. of America*, No. C 09-00797 SBA, 2010 WL 2557489, at *4 (N.D. Cal. June 21, 2010); *Aliberti v. Allstate Insurance Co.*, 74 Cal. App. 4th 138, 149 (1999). But Travelers paid the actual cash value of the claim on July 1, 2020. California law permits equitable tolling only until a claim is unequivocally denied in writing or, if the claim is settled instead of denied, until "the final payment is made." *Globe Imports Limited, Inc. v. Allied Property & Casualty Insurance Co.*, No. C 14-3676 CW, 2015 WL 729917, at *2 (N.D. Cal. Feb. 19, 2015) (citing *Marselis v. Allstate Insurance Co.*, 121 Cal. App. 4th 122, 125 (2004)).

Had Chavez contested the amount or sought additional payment based on replacement cost benefits—both of which were options available to him under the policy—then presumably it would not be appropriate to treat the July 1 payment as the final payment. But he did neither. Instead, Chavez had no contact with Travelers for over two years and then sued. It defies logic to insist—as Chavez's attorney did at the hearing—that a claim could be equitably tolled for 50 years just because the insurance company does not put in writing that no further benefits will be paid despite making a payment on the claim based on its estimated value and receiving no communication from the insured.

Chavez's position also contradicts the central policy considerations underlying the equitable tolling doctrine: to avoid penalizing the insured for the time it takes the insurer to investigate the claim, while also promoting a timely adjudication of claims. *See Prudential-LMI*, 51 Cal.3d at 691-93. In the letter accompanying its estimate, Travelers said its "decision is based upon the information and documentation we received in connection with our investigation of this claim." Travelers also informed Chavez that he could receive additional payments if he repaired or replaced damaged items and provided documentation to Travelers. Accordingly, Chavez bore responsibility to seek further payment if he believed it was warranted under the policy.

Chavez relies on *Lake v. First National Insurance Company of America* to support his position. He points to the *Lake* court's finding that the tolling period was not stopped by the actual cash value payment because the insured was permitted to seek payment on the

2

replacement cost value. 2010 WL 2557489, at *5. But the key difference between the *Lake* case and this one is that the insureds in *Lake* took steps to recover payment for the replacement cost value of their loss. *Id.* at *6. As the *Lake* court put it, "Plaintiffs were taking advantage of the replacement cost provision by submitting receipts" and "payment for replacement costs was ongoing." *Id.* No similar facts exist here. Indeed, in his brief, Chavez seems to argue he was not seeking replacement cost benefits at all.

Because no reasonable jury could find that the limitations period was tolled after Travelers sent Chavez payment, and because more than two years passed between the date of the payment and the date the lawsuit was filed, Travelers is entitled to summary judgment.[2]

**IT IS SO ORDERED.**

Dated: October 18, 2023

_____
VINCE CHHABRIA
United States District Judge

---

[2] Chavez filed a motion to compel arbitration after Travelers filed its motion for summary judgment. It's not clear how Chavez could compel Travelers to arbitration after having hauled Travelers into court and litigated the case past the filing of a summary judgment motion. In any event, because the earlier-filed summary judgment is granted in favor of Travelers, Chavez's motion to compel is denied as moot.